IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLOS M. BURROWS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) Civil No. **06-156-GPM** |
| | ) |
| **SARAH REVELL,** | ) |
| | ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Petitioner Carlos M. Burrows is before the Court seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. **(Doc. 1)**. The respondent warden has filed a response **(Doc. 8)**, to which petitioner has filed a reply **(Doc. 20)**. This Report and Recommendation is respectfully submitted to United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Petitioner Burrows is presently incarcerated in the Federal Correctional Institution, Greenville, Illinois, within this judicial district. In 2002, petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). His sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and he was sentenced to 210 months imprisonment. No direct appeal was filed, but petitioner did file an unsuccessful petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255. (*See* **Doc. 1, pp. 1-2 and 15).**

1

Petitioner now challenges his enhanced sentence based on the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005), which was issued after petitioner's Section 2255 petition was denied. Petitioner argues that, under the terms of the *Shepard* decision, he is actually innocent of the charges for which he was convicted– meaning two burglary convictions used to qualify him as an armed career criminal, which he asserts do not qualify as violent felonies for purposes of the ACCA enhancement.

In *Shepard,* the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of the ACCA to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The high court held that for purposes of the ACCA, a sentencing court was not permitted to look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted and supported a conviction. The Court limited the evidence a sentencing court may rely on to enhance punishment under the ACCA to: (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court; or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. ***See Shepard,* 544 U.S. at 26.** In petitioner Burrows' case, the sentencing court apparently relied on a presentence investigation report describing the circumstances of the two contested burglaries. (***See* Doc. 1, p. 17).**

The respondent counters that, in accordance with standards enunciated in *Schiro v. Summerlin*, 542 U.S. 348 (2004), *Shepard* does not apply retroactively, because *Shepard* represents a procedural holding of insufficient import. In the alternative, *if* Shepard is

Petitioner now challenges his enhanced sentence based on the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005), which was issued after petitioner's Section 2255 petition was denied. Petitioner argues that, under the terms of the *Shepard* decision, he is actually innocent of the charges for which he was convicted– meaning two burglary convictions used to qualify him as an armed career criminal, which he asserts do not qualify as violent felonies for purposes of the ACCA enhancement.

In *Shepard,* the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of the ACCA to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The high court held that for purposes of the ACCA, a sentencing court was not permitted to look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted and supported a conviction. The Court limited the evidence a sentencing court may rely on to enhance punishment under the ACCA to: (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court; or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. ***See Shepard,* 544 U.S. at 26.** In petitioner Burrows' case, the sentencing court apparently relied on a presentence investigation report describing the circumstances of the two contested burglaries. (***See* Doc. 1, p. 17).**

The respondent counters that, in accordance with standards enunciated in *Schiro v. Summerlin*, 542 U.S. 348 (2004), *Shepard* does not apply retroactively, because *Shepard* represents a procedural holding of insufficient import. In the alternative, *if* Shepard is

retroactive, the respondent contends that, relief is not proper under Section 2241 because Section 2255 is neither inadequate, nor ineffective to test the legality of petitioner's detention. In the event Section 2255 is the appropriate vehicle with which to assert a *Shepard* challenge, respondent asserts that such a petition is unauthorized and should be dismissed.

Citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298 (1994), and *Bousley v. United States*, 523 U.S. 614 (1998), petitioner argues that *Shepard* represents an interpretation and/or judicial construction of a criminal statute, therefore retroactivity is irrelevant. From petitioner's perspective, if his enhanced sentence is improper as a matter of substantive law, he is "actually innocent" for purposes of Section 2241, since he cannot file a second petition under Section 2255.

## **Analysis**

As a preliminary matter, it must be noted that petitioner does not challenge his underlying plea and conviction for being a felon in possession of a firearm. Rather, he is clearly taking issue with the enhancement of his *sentence* under the ACCA.

It is well settled that a challenge to a federal conviction or sentence must be raised in a motion to vacate that is filed in the sentencing court under 28 U.S.C. § 2255, and *not* in a habeas petition filed in the court of incarceration under 28 U.S.C. § 2241. **See Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).** However, Section 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction that is brought via a Section 2241 habeas petition *only* in the rare instance in which the remedy under Section 2255 is "inadequate or ineffective." **28 U.S.C. § 2255(e).** Section 2255 will be deemed inadequate when the provisions precluding successive petitions would

3

prevent a prisoner from obtaining review of a legal theory establishing his actual innocence. ***Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).**

Petitioner has elected to proceed under Section 2241, so this Court's jurisdiction depends on whether petitioner qualifies under Section 2255's savings clause. Therefore, the viability of petitioner's argument that *Shepard v. United States* renders his "conviction" invalid is itself crucial to establishing that he qualifies for the Section 2255 savings clause.

### *Shepard v. United States*

Petitioner's petition is premised upon *Shepard v. United States*, 544 U.S. 13 (2005), being retroactive, which would upset the basis for enhancing petitioner's sentence under the ACCA.

In Shepard, the Supreme Court stated in pertinent part:

> We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Id*. **at 26.**

Petitioner observes that in *Rivers v. Roadway Express, Inc.,* 511 U.S. 298 (1994)[1], the Supreme Court stated: "A judicial construction of a statute is an authoritative statement of what the statute meant *before as well as after* the decision of the case giving rise to that construction." ***Id.* at 312-313 (emphasis added).** Petitioner contends that *Shepard* is construing the ACCA and is therefore retroactive. Petitioner also cites *Bousley v. United States*, 523 U.S. 614 (1998), in

---

[1]*Rivers* is an employment discrimination case.

4

support of his theory. In *Bousley*, the Supreme Court did differentiate between the principle that new constitutional rules of criminal procedure will not generally be applied retroactively (*see Teague v. Lane*, 489 U.S. 288, 310 (1989)), and situations where the Supreme Court decides the meaning of a "substantive federal criminal statute" such that certain conduct is not criminal, which "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" **Bousley, 523 U.S. at 619-620.**

More recently, in *Schiro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court summarized the relevant principles as follows:

> When a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). As to convictions that are already final, however, the rule applies only in limited circumstances. New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, see *Bousley v. United States,* 523 U.S. 614, 620-621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, see *Saffle v. Parks,* 494 U.S. 484, 494-495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); *Teague v. Lane,* 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion).[FN4] Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' " or faces a punishment that the law cannot impose upon him. *Bousley, supra,* at 620, 118 S.Ct. 1604 (quoting *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)).
>
> > FN4. We have sometimes referred to rules of this latter type as falling under an exception to *Teague's* bar on retroactive application of procedural rules, see, *e.g., Horn v. Banks,* 536 U.S. 266, 271, and n. 5, 122 S.Ct. 2147, 153 L.Ed.2d 301 (2002) *(per curiam);* they are more accurately characterized as substantive rules not subject to the bar.
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise.

5

> Because of this more speculative connection to innocence, we give retroactive effect to only a small set of " 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle, supra,* at 495, 110 S.Ct. 1257 (quoting *Teague,* 489 U.S., at 311, 109 S.Ct. 1060 (plurality opinion)). That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one "without which the likelihood of an accurate conviction is *seriously* diminished." *Id.,* at 313, 109 S.Ct. 1060 (emphasis added). This class of rules is extremely narrow, and "it is unlikely that any ... 'ha[s] yet to emerge.' " *Tyler v. Cain,* 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting *Sawyer v. Smith,* 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)).

***Schriro*, 542 U.S. 348, 351-352.**

*Shepard* announced a new procedure regarding what evidence may be considered in the application of the ACCA to enhance a sentence. Petitioner views his enhanced sentence as being legally impermissible after *Shepard*. The second paragraph quoted from *Shepard* clarifies that when the Supreme Court referred to "a punishment the law cannot impose" it meant *only* new "watershed" procedural rules, *not* rules that merely suggest a different outcome. Petitioner would have the Court find that *Shepard* fits that extremely narrow exception. Such a ruling would be the first of its kind. ***See United States v. Christensen*, 456 F.3d 1205, 1208 (10th Cir. 2006);** *see also Corey v. United States***, 221 Fed.Appx. 1 (1st Cir. 2007);** *United States v. Armstrong***, 151 Fed.Appx. 155, 157 (3rd Cir. 2005);** *United States v. Davis,* **133 Fed.Appx. 916 (4th Cir. 2005).** Such a ruling would also be inconsistent with other precedents for the non-retroactivity of analogous Supreme Court rulings pertaining to judge-made findings that increase punishment. For example, *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002) found *Apprendi v. New Jersey*, 530 U.S. 466 (2000), not retroactive under the *Teague* rule; and *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), found *United States v. Booker*, 543 U.S. 220 (2005), not retroactive. Therefore, this Court concludes that *Shepard* is not retroactive;

6

accordingly the basic premise of the Section 2241 petition fails.

**Jurisdiction Under Section 2241**

As noted above, Section 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction that is brought via a Section 2241 habeas petition *only* in the rare instance in which the remedy under Section 2255 is "inadequate or ineffective." **28 U.S.C. § 2255(e).**

Petitioner asserts that Section 2255 is an inadequate remedy because he has already filed a Section 2255 petition. However, the fact that petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* **147 F.3d 605, 609-610 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).**

Petitioner further contends he is actually innocent "of being an armed career criminal." In *Kramer v. Olson,* 347 F.3d 214 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit explained that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Id.* **at 218.** Petitioner Burrows' crime of conviction is being a felon in possession of a firearm, not being an armed career criminal. Petitioner has not suggested that his guilty plea is invalid or that he is not guilty of that crime. Petitioner is attacking his sentence, and for reasons already set forth in great detail above, that claim is fatally flawed. Therefore, petitioner has failed to satisfy the savings clause, rendering Section 2241 unavailable as a vehicle for challenging his enhanced sentence.

**Section 2255**

Respondent suggests that the Court reclassify the petition as being brought under Section 2255, and then dismiss it as an unauthorized successive petition. This Court perceives that the better course of action is to merely dismiss the Section 2241 petition for lack of subject matter jurisdiction.

**Recommendation**

For the aforestated reasons, it is this Court's recommendation that petitioner Burrows' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice, for want of subject matter jurisdiction.

**DATED: February 11, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 1, 2009**. No extensions of time will be granted.